IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEANETTE MELLERSON,                :

     Plaintiff                           :

v.                                 : CIVIL NO. L-01-2090

JOANNE B. BARNHART,                :
Commissioner, Social Security Administration
                                   :
     Defendant
                        ...oOo...

\* \* \* \* \* \* \* \* \* \* \* \*

## AGENCY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1:**

All documents in the possession of Defendant that refer or relate to Plaintiff's employment with Defendant (whether formal or informal, and whether maintained with the employee file or otherwise), including, but not limited to, Plaintiff's personnel file(s), correspondence, written evaluations, commendations, awards, counseling, pay and leave records, salary and wage records (including W-2 forms), applications for positions or promotions, and records of interviews or discussions regarding Plaintiff's applications for positions or promotions or the outcome of such applications for positions or promotions.

**Response to Request No. 1:** Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. The breadth of this request appears to include every instance where Plaintiff's name appears, or is even alluded to. Without waiving said objection, Defendant is conducting a search for, and will produce if found, a copy of Plaintiff's Official Personnel file (OPF). Defendant does not presently have physical custody of Plaintiff's OPF. A copy, however, has been requested from the National Personnel Records Center in St. Louis, Missouri (which generally takes 6 weeks). Additionally, as of March 1998, salary and wage records were mailed to each individual employee by the Department of Interior. After a review of its records, the Defendant located leave records for Plaintiff contained under enclosure 1.

**RECEIVED** OCT 3 0 2002

**Request No. 2:**

All documents relating to the hiring criteria, prerequisites and selection process for the Supply Technician-7 Position, including, but not limited to, all documents relating to the method(s) employed by Defendant in hiring for the position, all documents reflecting the individuals involved in the decision-making process and the role he or she had in making the decision, all interview notes and/or documents indicating the qualifications and/or ranking of the candidates, and any other documents used, considered or reviewed during the selection process for the Supply Technician-7 Position.

**Response to Request No. 2:** The Defendant refers Plaintiff to the documents contained in the *Report of Investigation (ROI)* as well as the documents contained under enclosure 2. The Defendant notes that the promotion package for VA I-751 was inadvertently sent to storage and destroyed on or about May 8, 1998 because the promotion package for VA I-751 was not identified as the subject of a discrimination complaint.

**Request No. 3:**

For each position Plaintiff held during her employment with Defendant, all documents which evidence or refer to the job responsibilities of Plaintiff, including but not limited to job descriptions, job evaluations, qualifications for the position, and duties of the position.

**Response to Request No. 3:** The Defendant refers Plaintiff to the *ROI*, Ex. 12 and Ex. 14, Request No. 1, and the document contained under enclosure 3. The Defendant's search for documents is on-going and may supplement this request with additional descriptions of other positions encumbered by Plaintiff during her employment with the Defendant, to the extent that they are located.

**Request No. 4:**

Any Employer Information Report Form (EEO-1) maintained by Defendant and/or filed with the U.S. EEOC or the U.S. Department of Labor for the previous ten (10) years, and/or any Affirmative Action Plan prepared by or maintained by Defendant for the previous ten (10) years.

**Response to Request No. 4:** Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, see documents contained

2

under enclosure 4. Note that Defendant was only able to locate documents for fiscal years 1999, 2000, and 2001.

**Request No. 5:**

All documents related to the qualifications and selection of Howard Saks for the Supply Technician-7 Position, including his personnel file, written evaluations, applications and other materials submitted by Mr. Saks for the Supply Technician-7 Position, all documents considered or reviewed when selecting Mr. Saks for the Supply Technician-7 Position, records of interviews and/or discussions regarding the consideration and selection of Mr. Saks for the Supply Technician-7 Position, and job descriptions of each position held by Mr. Saks with the Social Security Administration prior to the Supply Technician-7 Position, including but not limited to his position as a Wage Grade 5, Series 6907-04 Materials Handler/Warehouse Worker.

**Response to Request 5:** The Defendant refers Plaintiff to the documents contained in the *ROI*, and particularly the documents at *ROI*, Ex. 15. The Defendant's search is on-going and will produce, if found, position descriptions of positions encumbered by Mr. Saks during his employment with the Defendant (including his position as a WG-5 Materials Handler).

**Request No. 6:**

All documents related to the qualifications and/or the reasons for non-selection of the individuals who unsuccessfully applied for the Supply Technician-7 Position. Please include within your response those individuals' personnel files, written evaluations, applications and other materials submitted by those individuals for the Supply Technician-7 Position, all documents considered or reviewed during the selection process for the Supply Technician-7 Position, records of interviews and/or discussions regarding the consideration and/or reasons for non-selection of those individuals for the Supply Technician-7 Position, and job descriptions of each position held by those individuals prior to their application for the Supply Technician-7 Position.

**Response to Request No. 6:** Defendant objects to this request as being overly broad. Defendant further objects on the grounds that the request seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Finally the Defendant objects to this request as being repetitious to the extent that is requests similar information as contained in Request No. 2. Without waiving said objections, the Defendant refers the Plaintiff to the *ROI*, and in particularly the documents at *ROI*, Ex. 16. Defendant's search is on-going descriptions of each position held by those individuals who

"unsuccessfully applied for the Supply Technician-7 position" will be produced if found.

**Request No. 7:**

All documents which evidence the job duties, responsibilities, prerequisites and/or promotional opportunities of both the Supply Technician-5 Position and the Supply Technician-7 Position.

**Response to Request No. 7:** Defendant objects to the use of the term "promotional opportunities" as vague and ambiguous. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome. Without waiving said objection, Defendant refers Plaintiff to the *ROI*, and in particular the documents at *ROI*, Ex. 11 and Ex. 12.

**Request No. 8:**

All documents related to those individuals who have held the Supply Technician-7 Position from 1985 through the present which relate to or evidence the following:

(a):  The education level attained by those individuals at the time they were selected for the Supply Technician-7 Position;
(b):  Any experience in forklift operation and/or warehouse work of those individuals prior to their selection for the Supply Technician-7 Position;
(c):  Any experience and/or knowledge of statistical sampling and inventory of those individual prior to their selection for the Supply Technician-7 Position;
(d):  Any performance evaluations, commendations, or other documents evidencing the writing skills and work record of those individuals prior to their selection for the Supply Technician-7 Position;
(e):  Record of interviews and/or discussions regarding the consideration and/or selection of those individuals for the Supply Technician-7 Position; and
(f):  Position descriptions of all Social Security Administration positions held by those individual prior to the Supply Technician-7 Position.

**Response to Request No. 8:** The Defendant objects to this request on the grounds that it requests documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this request is overly broad and unduly burdensome.

**Request No. 9:**

All documents that evidence, indicate or reflect the duration of time, on average, that a

4

Social Security Administration employee holds a GS-5 position prior to receiving a promotion to a GS-7 position.

**Response to Request No. 9:** The Agency has no documents responsive to this request.

**Request No. 10:**

All documents that evidence, indicate or reflect the profile of Social Security employees in the Receiving, Storage and Issue Branch and the duration of time, on average, that those employees held a GS-5 position prior to receiving a promotion to a GS-7 Position for the years 1985 through 2000.

**Response to Request No. 10:** The Agency has no documents responsive to this request.

**Request No. 11:**

All documents that refer or relate to any and all claims, grievances, lawsuits, administrative charges or complaints (whether formal or informal) made against Harold Brittingham that relate to allegations of discrimination or retaliation on the part of Mr. Brittingham. Such documents should include, but not be limited to, the actual complaint document(s), documents relating or referring to the internal investigation of such complaints, any and all copies of transcripts or other statements made under oath in relation to such complaints, and the disposition of such complaints.

**Response to Request No. 11:** The Defendant objects to this request on the grounds that it requests documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome.

**Request No. 12:**

Any and all documents that support the contention on page 16 of Defendant's Memorandum in Support of Motion to Dismiss or for Summary Judgment that "the overwhelming majority of the employees [Mr. Brittingham] has promoted during his career have been black."

**Response to Request No. 12:** Defendant refers Plaintiff to the documents contained in the *ROI*.

**Request No. 13:**

Any and all documents relating to or evidencing the organizational hierarchy of the divisions, branches or units over which Harold Brittingham served as a supervisor at the

Social Security Administration for the years of 1990 through 1995, including all organizational charts or other documents showing those divisions, branches, or units and the employees that reported to Mr. Brittingham, as well as the divisions, branches or units and the employees to whom Mr. Brittingham reported.

**Response to Request No. 13:** Defendant objects to the use of the term "organizational hierarchy" as vague and ambiguous. The Defendant further objects to this request on the grounds that it seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Without waiving its objection, the Defendant directs Plaintiff's attention to the documents contained in the *ROI*, in particular the documents at *ROI*, Ex. 9, as well as the document contained under enclosure 13.

**Request No. 14:**

Any and all documents relating to or evidencing the organizational hierarchy of the Social Security Administration as it existed from 1990 through 1995, as related to the Supply Technician-7 Position, the Supply Technician-5 Position and all positions held by Howard Saks prior to his promotion.

**Response to Request No. 14:** See Defendant's response to Request No. 13.

**Request No. 15:**

All of the documents reviewed by Harold Brittingham and/or Robert Marder when they considered the candidates for the Supply Technician-7 Position, including but not limited to the documents evidencing the qualifications, job performance and experience of the individuals on the Best-Qualified List.

**Response to Request No. 15:** The Defendant objects to this request as repetitious to the extent that it seeks similar documents to those requested in Request Nos. 2, 5, 6, and 7. Without waiving its objection, the Defendant directs the Plaintiff's attention to the documents contained in the *ROI*.

**Request No. 16:**

All supervisory or managerial handbooks or manuals, personnel policies, personnel handbooks or manuals, or other documents discussing, describing or detailing how the wage grading system and the promotional process at the Social Security Administration operated

6

during Plaintiff's employment with Defendant from 1990 through the present, including but not limited to any documents describing how the Best Qualified List is created, how employees are selected for the Best Qualified List, who selects candidates for the Best Qualified List, who may add to or amend the Best Qualified List, the roles of Recommending Officials and Selecting Officials, when interviews are conducted to assist in the promotion process, and when a promotion committee is convened to select a candidate for a promotion.

**Response to Request No. 16:** The Defendant objects to this request as overly broad and unduly burdensome. Without waiving its objections, the Defendant refers Plaintiff to the *ROI* as well as to its response to Request No. 2.

**Request No. 17:**

All documents relating to all inquiries or investigations conducted as a result of Plaintiff's claim or allegation of discrimination relating to her non-promotion to the Supply Technician-7 Position.

**Response to Request No. 17:** The Defendant refers the Plaintiff to the documents contained in the *ROI*.

**Request No. 18:**

Any and all documents reflecting the profile of employees supervised by Harold Brittingham during his employment with the Social Security Administration from 1990 through 1995, including but not limited to any and all documents evidencing the position title, grade level, series level, salary or rate of pay, race, age, and/or disability status of those employees.

**Response to Request No. 18:** The Defendant objects to the term "profile" as vague and ambiguous. The Defendant further objects to this request on the grounds that it seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 19:**

Any and all documents reflecting the profile of employees promoted by Harold Brittingham during his employment with Defendant from 1990 through 1995, including but not limited to documents evidencing the position title, grade level, series level, salary or rate of pay, race, age, and/or disability status of those employees either before or after his or her promotion.

**Response to Request No. 19:** The Defendant objects to this interrogatory to the extent that it

7

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 20:**

All documents relating to or referring to Plaintiff's leg cramps.

**Response to Request No. 20:** The Defendant objects to this request on the grounds that it is overly broad. Without waiving said objection, the Defendant refers Plaintiff to the documents contained under enclosure 20 as well as the documents contained in the *ROI*.

**Request No. 21:**

Any and all statements (as defined by the Rules of Civil Procedure and interpretive decisions) which any employee of Defendant has given concerning this action or its subject matter, identifying each person to whom the statement was given, when and where each statement was given, any person who has custody of any such statements that were reduced to writing or otherwise recorded.

**Response to Request No. 21:** The Defendant objects to this request as overly broad. Without waiving its object, the Defendant refers the Plaintiff to the documents contained in the *ROI*.

**Request No. 22:**

All documents in the possession of Defendant that relate or refer to Harold Brittingham's employment with Defendant (whether formal or otherwise, and whether maintained with the employee file or otherwise) including, but not limited to Mr. Brittingham's personnel file(s), correspondence, written evaluations, commendations, records of counseling, accident or incident reports, records of disciplinary actions, pay and leave records, salary and wage records, applications for positions or promotions, and/or records of interviews or discussions regarding applications for positions or promotions.

**Response to Request No. 22:** The Defendant objects to this request as it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome.

8

**Request No. 23**

A copy of any and all recorded statements made by Harold Brittingham, including but not limited to those made under oath, given at any point during the years Mr. Brittingham was employed by the Social Security Administration. Please include within your response the transcript of the administrative hearing on the action brought by Ronald King on February 13, 1995 against the Social Security Administration, alleging race, age and disability discrimination on the basis of the non-promotion of Mr. King to the Supply Technician-7 Position.

**Response to Request No. 23:** The Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects to the request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 24:**

A copy of any and all recorded statements, including but not limited to those made under oath, that in any way relate or refer to this action, its subject matter, or any other allegation of discrimination or retaliation on the part of Harold Brittingham made by any of the individuals identified in Plaintiff's disclosures as persons who may support her claims.

**Response to Request No. 24:** The Defendant objects to this request as overly broad, vague and ambiguous, and unduly burdensome. Defendant further objects on the grounds that the request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 25:**

Any and all documents relating to or referring to any complaint or grievance, whether formal or informal, filed by any of the individuals who unsuccessfully applied for the Supply Technician-7 Position, other than Plaintiff. Include within your response any and all documents relating to or referring to the complaint of discrimination brought by Ronald King on February 13, 1995 against the Social Security Administration, alleging race, age and disability discrimination on the basis of the non-promotion of Mr. King to the Supply Technician-7 Position.

**Response to Request No. 25:** The Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects on the grounds that the request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 26:**

All documents or other things referred to in preparing answers to Plaintiff's Interrogatories.

**Response to Request No. 26:** The Defendant refers Plaintiff to the documents produced in response to these requests and in response to Plaintiff's First Set of Interrogatories. The Agency also refers Plaintiff to the documents contained in the *ROI*. Further, Defendant reasserts any objection previously raised in response to Plaintiff's Interrogatories.

**Request No. 27:**

All documents or other things requested to be produced in Plaintiff's Interrogatories.

**Response to Request No. 27:** The Defendant refers Plaintiff to the documents produced in response to these requests and in response to Plaintiff's First Set of Interrogatories. The Agency also refers Plaintiff to the documents contained in the *ROI*. Further, Defendant reasserts any objection previously raised in response to Plaintiff's Interrogatories.

**Request No. 28:**

All notes, documents, recordings, or any record of any kind in the possession or subject to the control of Defendant, not otherwise requested herein or in Plaintiff's Interrogatories to Defendant, which bear in any degree upon the allegations of Plaintiff's Complaint or issues raised in Defendant's Motion for Summary Judgment or Memorandum in support thereof, or which Defendant intends to introduce into evidence at trial, or which are in any way material to the instant action.

**Response to Request No. 28:** The Defendant objects to this request as overly broad, vague, and ambiguous, and unduly burdensome.

I, Mary Ann Zimmerman, state under penalty of perjury that I am authorized to answer the foregoing interrogatories on behalf of the defendant and that, while I do not have personal knowledge of the information provided herein, the information has been collected and made available to me by other authorized individuals and said responses are true to the best of my knowledge and belief based upon the information made available to me.

*Mary Ann Zimmerman*
Mary Ann Zimmerman
Social Security Administration

As to the objections raised to the various interrogatories.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney

Nadira Clarke
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201
(410) 209-4857

11