## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEANETTE MELLERSON,                  :

      **Plaintiff**                          :

      v.                                 :    **CIVIL NO.  L-01-2090**

JOANNE B. BARNHART,                  :
Commissioner, Social Security Administration
                                       :

      **Defendant**

...oOo...

## RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**Interrogatory No. 1:**

Identify each person with material knowledge of any fact or event that you deem relevant to this action, including any defenses that may be asserted, and provide a brief description of each person's knowledge.

**Response to Interrogatory No. 1:** In Response to Interrogatory No. 1, Defendant identifies Robert David Marder and Harold Wilson Brittingham, Jr.  With respect to defenses that may be asserted, and descriptions of each person's knowledge, Defendant refers to the affidavit of Robert Marder in the *Report of Investigation (ROI)*, Ex. 7 and to the affidavit of Harold Brittingham in the *ROI*, Ex. 6.

**Interrogatory No. 2:**

Identify all persons involved in this selection process regarding the promotion at issue in this case, including but not limited to, persons responsible for compiling the Best Qualified List, recommending officials and selecting officials, and for each such person provide his or her position, relationship to Plaintiff's position, race, age and role in the selection process.

**Response to Interrogatory No. 2:**  Robert Marder was the selecting official for VA I-751. Mr. Marder's race is white, his date of birth is April 21, 1937.  Mr. Marder was the fourth supervisory level above the Plaintiff at the time he made a selection for VA I-175.  Harold

**RECEIVED** OCT 3 0 2002

Brittingham was the recommending official for VA I-751. Mr. Marder's race is white, his date of birth is June 18, 1943. Mr. Brittingham was Plaintiff's third level supervisor at the time he recommended a candidate for selection for VA I-751. Gwen Smith was the personnel management specialist who compiled the best-qualified list for VA I-751. Ms. Smith's race is white, her date of birth is July 29, 1948.

**Interrogatory No. 3:**

Identify all persons who, during the period from 1985 through 2000, held the Supply Technician-7 Position, and for each such person provide their race and age, as well as the position title, series, grade number and job-description of each such person's previous position or job.

**Response to Interrogatory No. 3:** The Defendant objects to this request on the grounds that it is overly broad and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 4:**

Identify all claims, complaints and grievances, formal or informal, administrative or judicial, made against Harold Brittingham alleging discrimination on the basis of race, age or disability, and for each such claim, complaint or grievance provide the following:

a.  The name, address, age and race of each person who filed a claim, complaint or grievance;
b.  The employment history with [sic] the defendant of each person who filed a claim, complaint, or grievance, including job titles and dates;
c.  The name, address and title of every person with whom the claim, complaint or grievance was filed;
d.  The dates each claim, complaint or grievance was filed;
e.  A summary of each claim, complaint or grievance filed;
f.  The investigator's name and title;
g.  Results of the investigation and any administrative proceeding or lawsuit;
h.  A description of all action taken as a result of each claim, complaint or grievance filed, including any amount paid by Defendant to settle or resolve the claim, complaint or grievance; and
i.  Attach a copy or state when and where counsel may examine a copy of each complaint.

**Response to Interrogatory No. 4:** The Defendant objects to this interrogatory on the grounds that it requests information that is neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence. The Defendant also objects to this interrogatory as overly broad. The interrogatory seeks information about Mr. Brittingham for his entire employment with the Defendant, or for more than a 25-year period of time.

**Interrogatory No. 5:**

Identify all claims, complaints and grievances, formal or informal, administrative or judicial, made against David Marder alleging discrimination on the basis of race, age or disability, and for each such claim, complaint or grievance provide the following:

a.    The name, address, age and race of each person who filed a claim, complaint or grievance;

b.    The employment history with the defendant of each person who filed a claim, complaint, or grievance, including job titles and dates;

c.    The name, address and title of every person with whom the claim, complaint or grievance was filed;

d.    The dates each claim, complaint or grievance was filed;

e.    A summary of each claim, complaint or grievance filed;

f.    The investigator's name and title;

g.    Results of the investigation and any administrative proceeding or lawsuit;

h.    A description of all action taken as a result of each claim, complaint or grievance filed, including any amount paid by Defendant to settle or resolve the claim, complaint or grievance; and

i.    Attach a copy or state when and where counsel may examine a copy of each complaint.

**Response to Interrogatory No. 5:** The Defendant objects to this interrogatory on the grounds that it requests information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Defendant also objects to this interrogatory as overly broad. The interrogatory seeks information about Mr. Marder for his entire employment with the Defendant, or for more than a 25-year period of time.

**Interrogatory No. 6:**

Describe the organizational hierarchy of the Social Security Administration as it existed at or around the time of the promotional decision at issue in this case, especially as it relates to (a) the Receiving, Storage and Issue Branch which is believed to be the organization which Harold Brittingham supervised, (b) the Supply Technician-7 Position, (c) the Supply Technician-5 Position and (d) all positions held by Howard Saks prior to his promotion. To

3

the extent that the organization that Harold Brittingham supervised was not called the Receiving, Storage and Issue Branch, describe the name of the organization Mr. Brittingham supervised and the organizational hierarchy.

**Response to Interrogatory No. 6:** Defendant objects to the term "organizational hierarchy" as vague and ambiguous. Without waiving its objection, the Defendant provides:

(a) See enclosure marked Interrogatory 6 containing a chart for the Office of Publications and Logistics Management dated "As of October 1, 1994." See also *ROI*, Ex. 9. The Office of Receiving, Storage, and Issue was in the Office of Publications and Logistics Management on or about the time of the promotional decision at issue in this case. The Office of Publications and Logistics Management was, and continues to be, under the Deputy Commissioner for Finance, Assessment and Management.

(b) On October 1, 1994, the GS-7 Supply Technician position that Plaintiff applied for under VA I-751 was part of the Inventory and Quality Control Center in the Office of Receiving, Storage and Issue.

(c) On October 1, 1994, the GS-5 Supply Technician position held by Plaintiff at the time she applied for the GS-7 Supply Technician was part of the Equipment Service and Repair Center in the Office of Receiving, Storage and Issue.

(d) Mr. Sacs was a Materials Handler, immediately preceding his promotion to the GS-7 Supply Technician position, in the Supply Distribution Unit in the Warehouse Operations Section in the Office of Receiving, Storage, and Issue. See *ROI*, Ex. 15, p. 107. Mr. Sacs was also a Materials Handler from approximately July 1987 through June 1989. Prior to becoming a Materials Handler on or about October 1994, Mr. Sacs was a Contact Representative in the Baltimore Teleservice Center under the Deputy Commissioner for Operations.

**Interrogatory No. 7:**

Identify all promotions within the Receiving, Storage and Issue Branch, from 1990 through 1995, for which Harold Brittingham was the selecting or recommending official, and for each such promotion identify the title, series and grade number of the position, Brittingham's role with respect to the promotion, and the race and age of the selectee and all non-selected applicants.

4

**Response to Interrogatory No. 7:** The Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, the Defendant objects on the grounds that Plaintiff's request is unduly burdensome. For example, with respect to non-selected applicants for promotions, the vacancy announcement numbers for each of these positions are not maintained in the database and would be required in order to be able to attempt to retrieve promotion packages associated with each vacancy announcement and each best-qualified list on which the non-selectees would be contained.

**Interrogatory No. 8:**

Identify all employees within the Receiving, Storage and Issue Branch at the time Plaintiff was denied the promotion to the Supply Technician-7 Position, and for each such employee identify his or her race, age, position, title, division, series and grade number.

**Response to Interrogatory No. 8:** The Defendant conducted a reasonable search of its records and was only able to locate information for the period beginning with fiscal year 1996 (or September 30, 1995). See enclosure marked Interrogatory 8 for a listing of employees comprising the Office of Receiving, Storage and Issue Branch on September 30, 1995 and containing race, age, position, title, division, series and grade information.

**Interrogatory No. 9:**

Identify the names of the employees referred to in the "Work Force Profile," which was attached as Exhibit 26 to Defendant's Memorandum in Support of Motion to Dismiss or for Summary Judgment. A true and correct copy of the "Work Force Profile" is attached hereto as Attachment No. 1

**Response to Interrogatory No. 9:** The Agency objects to this interrogatory as it appears to seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, the Defendant states that it conducted a reasonable search of its records and is unable to provide the list of employees who comprised the Office of Receiving, Storage, and Issue on June 21, 1995 (i.e., the names of the employees referred to in the Workforce Profile.).

**Interrogatory No. 10:**

Identify the race and age of each employee referred to in the "Organizational Breakdown," which was attached as Exhibit 9 to the EEO Investigator's Investigative Report. A true and correct copy of the "Organizational Breakdown" is attached hereto as Attachment No. 2.

**Response to Interrogatory No. 10:** See enclosure marked Interrogatory 10 with race and age information annotated on the "Organizational Breakdown."

**Interrogatory No. 11:**

Identify all facts which support your contention on page 16 of Defendant's Memorandum in Support of Motion to Dismiss or for Summary Judgment that "98% of the workforce in Mr. Brittingham's section are black and the overwhelming majority of the employees he has promoted during his career have been black."

**Response to Interrogatory No. 11:** See Response to Interrogatory No. 10.

**Interrogatory No. 12:**

Identify all facts which support your contention on page 16 of Defendant's Memorandum in Support of Motion to Dismiss or for Summary Judgment that Plaintiff's "duties as a Supply Clerk bore little relationship to the duties of the Supply Technician position advertised by Vacancy Announcement I-1751 #4B283."

**Response to Interrogatory No. 12:** See *ROI*, Ex. 6 pp. 35-36 (Affidavit of Harold Brittingham) and *ROI*, Ex. 11 (GS-7 Supply Technician position). See also the copy of the GS-5 Supply Technician position (4B275) Plaintiff occupied in the Services and Repair section before the posting of VA I-751 (which is contained under the enclosure to Document Request No. 3).

**Interrogatory No. 13:**

Identify the duration of time, on average, that a Social Security Administration employee holds a GS Grade 5 position prior to being promoted to a GS Grade 7 position.

**Response to Interrogatory No. 13:** The Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, the

Defendant states that it does not maintain information on the average duration of time that a Social Security Administration employee holds a GS 5 position prior to being promoted to a GS 7 position.

## Interrogatory No. 14:

Identify the duration of time, on average, that a Social Security Administration employee in the Receiving, Storage and Issue Branch holds a GS Grade 5 position prior to being promoted to a GS Grade 7 position.

**Response to Interrogatory No. 14:**  See Defendant's Response to Interrogatory 13.

## Interrogatory No. 15:

Identify all individuals on the Best Qualified List, other than Plaintiff, who filed a complaint or grievance, whether formal or informal, alleging discrimination in their non-promotion, and for each such individual provide the following:

1. The name, address and title of every person with whom the claim, complaint or grievance was filed;
2. The dates each claim, complaint or grievance was filed;
3. A summary of each claim, complaint or grievance filed;
4. The investigator's name and title;
5. Results of the investigation and any administrative proceeding or lawsuit;
6. A description of all action taken as a result of each claim, complaint or grievance filed, including any amount paid by Defendant to settle or resolve the claim, complaint or grievance; and
7. Attach a copy or state when and where counsel may examine a copy of each complaint.

**Response to Interrogatory No. 15:**  Defendant objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## Interrogatory No. 16:

Identify each person whom you expect to call as an expert witness at or in connection with the trial in this case, together with the subject matter on which the expert is expected to testify, the substance of the facts and opinions on which the expert is expected to testify, and a summary of the grounds for each opinion, and identify each document or communication

which serves as a basis for, or supports or otherwise discusses, refers or relates in any way to such expert.

**Response to Interrogatory No. 16:** At this time, the Defendant does not intend to call any expert witnesses. Discovery is on-going in this case. In the event the Defendant determines that the retention of an expert witness is required, Defendant will immediately identify said expert and provide the Plaintiff with the information requested in Interrogatory No. 16.

**Interrogatory No. 17:**

Identify each person you expect to call as a witness at trial.

**Response to Interrogatory No. 17:** At this time, the Defendant intends to call Robert Marder, Harold Brittingham, and Gwen Smith. Discovery is on-going in this case. Defendant may identify other witnesses at a later date. If additional witnesses are identified, Defendant will promptly provide such information to the Plaintiff.

**Interrogatory No. 18:**

Identify any documents you have created, received, retained or possessed that refer to Plaintiff, including any documents that relate to the Plaintiff's non-promotion to the Supply Technician-7 Position.

**Response to Interrogatory No. 18:** The Defendant objects to this interrogatory to the extent that it requests information protected by the attorney-client privilege. Without waiving these objections, the Defendant refers Plaintiff to the documents contained in the *ROI* and to Defendant's responses to Interrogatory Nos. 6, 8, and 10, and Plaintiff's First Request for Production of Documents.

**Interrogatory No. 19:**

Identify all documents referred to or relied upon in answering these Interrogatories, or which otherwise refer or relate to your answers to these Interrogatories.

**Response to Interrogatory No. 19:** The Defendant objects to this interrogatory as overly broad, vague, and ambiguous. Without waiving this objection, the Defendant refers Plaintiff

to the documents produced in response to Plaintiff's First Request For Production of Documents, documents contained in the *ROI*, as well as responses to Interrogatory Nos. 6, 8, and 10.

I, *Mary Ann Zimmerman* state under penalty of perjury that I am authorized to answer the foregoing interrogatories on behalf of the defendant and that, while I do not have personal knowledge of the information provided herein, the information has been collected and made available to me by other authorized individuals and said responses are true to the best of my knowledge and belief based upon the information made available to me.

*Mary Ann Zimmerman*
Mary Ann Zimmerman
Social Security Administration

As to the objections raised to the various interrogatories.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney

Nadira Clarke
Assistant United States Attorney
6625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201
(410) 209-4857

9