**WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS & URBAN AFFAIRS**

November 8, 2002

RECEIVED NOV 1 4 2002

<u>Via Facsimile and First Class Mail</u>

Nadira Clarke, Esquire
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

Re: <u>Mellerson v. Barnhardt</u>, Civil No. L-01-2090

Dear Nadira,

This letter is to follow up on your client's discovery responses served on Wednesday, October 30, 2002.[1] Although discovery has been stayed and we are hopeful that mediation will be successful and will moot outstanding discovery disputes, I write at this time regarding certain deficiencies in your discovery responses for two reasons. First, if mediation should fail, we will want to pick up and resolve any outstanding discovery disputes immediately upon the termination of mediation. Thus, by providing you with our compromise position on our discovery requests at this point in time, this should help facilitate a *timely* resolution to the discovery dispute should mediation fail. Second, although we acknowledge that you are under no obligation to provide us with any discovery responses while this matter is stayed, we believe that access to the information requested below (prior to the mediation) will help us more effectively and fairly value our client's case. Otherwise, without access to this information, we have no choice but to assume the worst which will be reflected in our settlement position.

As an initial matter, and as you will see, in the spirit of compromise and in an attempt to expedite matters, we have more narrowly tailored some of our requests in order to accommodate SSA's concerns about overbreadth and the like. Although the deficiencies outlined below do not represent all of the concerns we have about SSA's discovery responses, the most critical deficiencies and, where appropriate, our revised requests related to them are outlined below.

---

[1] This letter is submitted without waiver of any position that Ms. Mellerson may take should the stay be lifted and this case proceed forward, including, without limitation, the right to compel responses to Ms. Mellerson's discovery requests because the SSA waived its objections by failing to timely serve its responses to Ms. Mellerson's Interrogatory Requests and Requests for Production of Documents.

11 DUPONT CIRCLE, NW • SUITE 400 • WASHINGTON, DC 20036
(202) 319-1000 (VOICE) • (202) 319-1010 (FAX) • (202) 319-1075 (TDD)

**Document Production**

**Request No. 1:** Request No. 1 sought all documents relating to Ms. Mellerson's employment with SSA. In its response, SSA produced only a few recent medical documents and failed to produce Ms. Mellerson's personnel file, stating that it would take at least 6 weeks to locate and produce her personnel file. SSA also objected based on the breadth and burden of the request.

We are troubled by SSA's claim that Ms. Mellerson's personnel file is in St. Louis, Missouri and will take six weeks to retrieve. First, it is unclear why Ms. Mellerson's personnel file would have been shipped to a records warehouse in St. Louis when a charge of employment discrimination has been pending for approximately seven years. Second, although SSA did not specify when this employment record was requested from St. Louis, as of the date of SSA's discovery response, it had already been five weeks since we served our discovery requests. Third, we are confident that there exists a means of expediting such a request, which was apparently not done in this case. Moreover, SSA's objection to the alleged burden of this document request is severely undermined by the fact that most if not all of the requested documents should be in the very personnel file that the SSA has unjustifiably relinquished. We therefore ask that all steps be taken by both you and the SSA to attempt to retrieve the entire contents of Ms. Mellerson's personnel file on an expedited basis. Alternatively, we ask for a more thorough explanation of the need for the delay and any purported inability to expedite production.

**Request Nos. 2, 6, and 15:** Requests Nos. 2, 6 and 15 together seek all documents related to the promotion decision that is at issue in this litigation, including but not limited to all documents reviewed or considered in the decision-making process as well as all notes or other records evidencing the basis for the decision. SSA produced no documents in response to this request. Rather, in SSA's response, you state that in 1998 SSA destroyed the formal promotion file for the promotion at issue in this litigation.

We are deeply concerned by SSA's destruction of the promotion file for the Supply Technician 7 position, notwithstanding its alleged "inadvertence." Ms. Mellerson's charge of discriminatory nonpromotion was pending in 1998, so we are frankly at a loss to understand how this promotion file was "not identified as the subject of a discrimination complaint." Plaintiff is therefore left with no way to know or verify if the entire contents of the file were previously produced through the EEO process, and/or whether we now have the entire contents of the file. Given the severity of this problem, and the fact that SSA wrongfully destroyed the file, at a minimum we ask that an exhaustive search be conducted to locate alternative sources of promotion-related documents, and that any such documents located be produced immediately.

**Request No. 5:** Although SSA did not object to our request for documents regarding Howard Saks's qualification and selection for the Supply Technician 7 position, SSA did not produce his personnel file. Because Mr. Saks was the selectee at issue, Plaintiff clearly is entitled to information regarding Mr. Saks' performance prior to

2

the selection at issue. For example, Plaintiff would be entitled to Mr. Saks' performance evaluations, and documents describing Mr. Saks' responsibilities and duties as a Materials Handler. In fact, Plaintiff's need for and entitlement to such documents is heightened under the conditions presented here – where your client has destroyed the promotion file – because we cannot with any certainty determine what, if anything, from Mr. Saks' personnel file was considered in the selection decision.

To expedite matters, at this time we will modify our initial request to documents contained in Saks' personnel file pertaining to his job responsibilities or performance prior to the selection at issue. Please produce all responsive documents immediately.

**Request No. 11:** Request No. 11 seeks documents relating to prior complaints of discrimination or retaliation that have been made against Harold Brittingham. Defendant has refused to produced any responsive documents, based on objections that this information is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and is both overly broad an unduly burdensome.

As laid out in our November 5, 2002 letter to you, information regarding prior discrimination complaints lodged against Mr. Brittingham, the decision maker here, is both highly relevant and at a minimum discoverable. We understand informally that Mr. Brittingham has a severe and extensive history of discrimination at SSA against African Americans. We are entitled to know the number and specifics of discrimination complaints lodged against him, and your refusal to produce this clearly discoverable information is indefensible. *See, e.g., Heyne v. Caruso*, 69 F.3d 1475 (9th Cir. 1995) *Spulak v. K Mart Corp.*, 894 F.2d 1150 (10th Cir. 1990); *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417 (7th Cir. 1986); *Phillips v. Smalley Maintenance Services, Inc.*, 711 F.2d 1524 (11th Cir. 1983); *Harping v. Continental Oil Co.*, 628 F.2d 406 (5th Cir. 1980); *see also Lowery v. Circuit City, Inc.*, 158 F.3d 742 (4th Cir. 1998); *Warren v. Halstead Industries, Inc.*, 802 F.2d 746 (4th Cir. 1986).

In an effort to accommodate SSA, however, we will limit our request to those documents regarding or relating to grievances or complaints, formal or informal, administrative or judicial, that allege race, age or disability discrimination by Brittingham. Please produce all such documents immediately.

**Request No. 19:** Request No. 19 seeks information about individuals promoted by Harold Brittingham between 1990 and 1995. SSA has refused to produce any responsive documents, objecting on the grounds that the information is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence.

Your objections to this request are untenable. Under Fourth Circuit precedent, pattern and practice evidence of discriminatory employment actions by the relevant decision-maker is not only discoverable but is also admissible to help prove the decision-maker's intent or motive: *See, e.g., Lowery v. Circuit City*, 158 F.3d 742 (4th Cir. 1998); *Carter v. Ball*, 33 F.3d 450 (4th Cir. 1994); *Warren v. Halstead Industries, Inc.*, 802 F.2d

746 (4th Cir. 1986); *Derrickson v. Circuit City,* 84 F.Supp.2d 679 (D.Md. 2000); *see also McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973).

Nonetheless, at the present time, we will seek only documents responsive to our Second Document Request No. 1, which is narrower than Request No. 19. In other words, for the period 1985 and 2000, we will only seek the Best Qualified lists for each promotion decision by Brittingham, the name of the selectee, and the race of all of the people on the Best Qualified list (including the selectee). We will not currently seek information about the employees' age, disability status, position title, grade level, series level, salary or rate of pay before or after the promotion.

**Request No. 22:** Request No. 22 seeks documents related to Harold Brittingham's employment with the SSA. The SSA has not produced any documents responsive to this request and has objected based on relevance, breadth, burden and the improbability that the information will lead to admissible evidence.

Frankly, we are at a loss as to how the employment history of the decision-maker can be described as irrelevant to a complaint about that very decision-maker's employment behavior. Moreover, most if not all of the information requested should be in Brittingham's personnel file, so the objection based on breadth or burden is specious at best.

However, in order to facilitate the discovery process, at the present time we will limit our request to documents from Mr. Brittingham's personnel file regarding his performance, including but not limited to, annual or periodic evaluations, any records of counseling, reprimands or other disciplinary action taken against him, and records related to any complaints of discrimination lodged formally or informally against him.

**Interrogatory Responses**

**Interrogatory Nos. 4 and 5:** Interrogatory Nos. 4 and 5 requested information about complaints of discrimination lodged against Harold Brittingham and David Marder, the recommending and selecting officials in this case. Defendant provided no information in response to these interrogatories and objected on grounds of relevance, probability of admissibility, and breadth.

For our response to SSA's objections, refer to our above response regarding Document Request No. 11. At the present time, however, we will limit our request to documents falling within subsections a, d, e, g, and h.

**Interrogatory No. 7:** Interrogatory No. 7 seeks information regarding promotions between 1990 and 1995 for which Brittingham was the selecting or recommending official. SSA did not provide any information and objected based on relevance, ultimate admissibility and burden. More specifically, the SSA explained that it would be difficult to obtain the promotion packages associated with each non-selectee.

For our response to Defendant's general objections to the disclosure of prior promotion decisions by Brittingham, refer above to our response regarding Document Request No. 19. Nonetheless, we will only seek information about: 1) the names of the individuals on the Best Qualified list for each promotion decision in which Brittingham was the selecting or recommending official between 1990 and 1995; 2) the races of the people on the Best Qualified lists; 3) the name of the selectee for each decision; and 4) the title and grade number of the position being sought. We will presently forgo all information about the applicants who did not make it to the Best Qualified list as well as the age of the applicants who were on the Best Qualified list.

You may contact me at (202) 319-1000 or Jonathan Nash (410) 580-4224 to discuss these matters. We look forward to your timely response.

Sincerely,

*Carolyn Weiss*
Carolyn Weiss

cc: Jonathan Nash, Esquire