**WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS & URBAN AFFAIRS**

November 5, 2002

<u>Via Facsimile and First Class Mail</u>

Nadira Clarke, Esquire
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

RECEIVED NOV - 7 2002

    Re: Mellerson v. SSA Civil No. L-01-2090

Dear Nadira:

We write to formally respond to statements you made during your telephone conversation with Jon Nash on Tuesday, October 29, 2002, regarding the future deposition of Harold Brittingham, the deciding official of the nonpromotion that is the subject of this lawsuit. Although Brittingham's deposition has been postponed, some of your statements were of such concern to us that we have decided to address them immediately.

First, you restated your position that evidence regarding prior discrimination complaints against Harold Brittingham are not relevant to the issue of whether Brittingham discriminated against Ms. Mellerson. That position is contrary to significant legal authority holding that evidence of a pattern of discriminatory decisions by the decision-maker at issue is relevant to prove motive or intent. We direct your attention to some of the many individual disparate treatment cases so holding: *Heyne v. Caruso*, 69 F.3d 1475 (9th Cir. 1995) (holding that the district court abused its discretion by refusing to allow the plaintiff to introduce testimony of other alleged harassment victims in order to prove a discriminatory motive for the adverse action); *Spulak v. K Mart Corp.*, 894 F.2d 1150 (10th Cir. 1990) (affirming the district court's admission of testimony by other victims of similar discriminatory treatment to help establish motive or intent); *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417 (7th Cir. 1986) (same); *Phillips v. Smalley Maintenance Services, Inc.*, 711 F.2d 1524 (11th Cir. 1983) (same); *Harping v. Continental Oil Co.*, 628 F.2d 406 (5th Cir. 1980) (holding that other employees' experiences of discriminatory treatment were admissible to the degree they were not duplicative of statistical evidence presented); *see also Lowery v. Circuit City, Inc.*, 158 F.3d 742 (4th Cir. 1998) (holding that pattern and practice evidence is admissible to raise an inference of discriminatory motive); *Warren v. Halstead Industries, Inc.*, 802 F.2d 746 (4th Cir. 1986) (stating that "evidence of a general atmosphere of discrimination may be considered with other evidence bearing on motive in deciding whether a plaintiff has met his burden of showing that the defendant's articulated reasons are pretextual"); Fed. R. Civ. P. 404(b) (allowing for the admission of other wrongful acts in order to prove motive or intent); *cf.*

*Huddleston v. United States*, 485 U.S. 681 (1988) (holding that similar act evidence under 404(b) does not need to be proven to be true as along as the jury can reasonably conclude that the act occurred and that the defendant was the actor).

Second, and perhaps more troubling, was your statement that you would instruct Mr. Brittingham not to answer questions during his deposition regarding prior complaints of discrimination lodged against him. Because your breadth and burden objections related to this discovery issue are even more inappropriate grounds for such an instruction than your relevance ground, we will simply address the latter.

As you made clear during the deposition of Ms. Mellerson (when plaintiff's counsel lodged a completely proper objection to a question encroaching upon psychotherapist-patient privileged information and instructed the witness not to answer), you are well aware of the local rules for the District of Maryland and the Federal Rule of Civil Procedure which clearly identify the limited grounds on which one can direct a deponent not to answer. *See* Fed. R. Civ. P. 30(d)(1); Local Guidelines 5-6; *see also Ralston Purina Co. v. McFarland*, 550 F.2d 967 (4th Cir. 1977). Relevance is not one of them.

Therefore, we will view any future relevancy objection on this issue (among others, which will be the subject of future discovery-related correspondence) as absolutely specious. Further, we will view any conduct along the lines of instructing deponents not to answer questions about the decision-makers' history of discrimination as improper and sanctionable.

We are confident that once you review the applicable law, your position will change and judicial intervention will be unnecessary. However, if settlement is not reached during mediation and Mr. Brittingham's deposition goes forward, we will want to fully resolve this issue prior to his deposition. As a result, we will expect a representation from you prior to that deposition as to whether you will instruct him not to answer any questions related to his history of discrimination. If your position does not change, we will likely seek judicial resolution of the issue prior to his deposition and further will seek, at a minimum, reimbursement for all costs associated with having to do so.

Sincerely,

Carolyn Weiss

Jonathan Nash