## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (sometimes "Agreement") is made and entered into by and between Jeanette Mellerson, ("**PLAINTIFF**") and Joanne B. Barnhart, Commissioner, Social Security Administration ("SSA") ("**THE UNITED STATES**" or "**DEFENDANT**").

### WITNESSETH

WHEREAS, the Plaintiff filed a complaint against Defendant in the United States District Court for the District of Maryland (Civil Action No. L-01-2090), on or about July 17, 2001 ("the Complaint") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq. ("Rehabilitation Act") in connection with SSA's failure to select her for a GS-7 Supply Technician position; and

WHEREAS, the Plaintiff and the Defendant desire to settle fully and finally all differences between them, including but not limited to those differences embodied in the aforementioned Complaint and related claims, charges or complaints (except the issue of attorneys fees and costs as set forth in Paragraphs 6-7);

NOW, THEREFORE, in consideration of the promises and mutual promises herein contained, IT IS AGREED AS FOLLOWS.

### RELEASE AND WAIVER OF RIGHTS

1. Within ten (10) days of the mutual execution of this Agreement, Plaintiff will file a motion requesting that the Court dismiss her substantive claims in the above-captioned case with prejudice but retain jurisdiction over the case solely for the purpose of, and to the extent necessary for, resolving Plaintiff's claim for attorneys' fees and costs, as set forth in Paragraphs

6 and 7. Plaintiff further agrees that an order of dismissal of Plaintiff's claims shall be entered by the Court, with prejudice, after sixty (60) days, with leave for Plaintiff to move to delay the dismissal with prejudice if Defendant fails to make payment to Plaintiff, in accordance with Paragraph 9, prior to the expiration of that sixty (60) day period. Plaintiff further agrees that she will cause to be delivered to counsel of record for the United States a copy of such executed and filed motion for dismissal of substantive claims with prejudice, except those relating to attorneys' fees and costs as described above.

2. Plaintiff agrees that by signing this Agreement she releases and forever discharges the United States and its officers, agents, and employees from any and all claims, complaints, grievances, charges, civil suits, causes of action, appeals, rights, and remedies, encompassed by or arising out of the above-referenced Complaint or her employment with the United States prior to the effective date of this Agreement, except that Plaintiff may pursue good faith actions to enforce the terms of this Agreement and the Parties will separately litigate the issue of attorneys' fees and costs as set forth in Paragraphs 6-7. This Agreement does not compromise, waive, resolve or settle any workers' compensation claims, or any claims relating to and/or arising out of Plaintiff's entitlement to or receipt of retirement and/or workers' compensation benefits, whether past, present or future.

3. Plaintiff represents and acknowledges that in executing this Agreement she does not rely and has not relied upon any representation or statement made by the United States or by any of the United States' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

4. This Agreement shall be binding upon the Plaintiff and upon her heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit

2

of the United States, and to their respective heirs, administrators, representatives, executors, successors, and assigns.

5.  Plaintiff acknowledges that she has carefully read and fully understands all of the provisions of this Agreement, that she has consulted with private legal counsel prior to entering into this Agreement, and that she waives all of the claims described in this Agreement and in her Complaint.

**ATTORNEYS' FEES**

6.  The Parties agree that Plaintiff's claim for attorneys' fees and costs incurred in connection with the litigation of the Complaint will be resolved separately by the Court under the guidelines of the Court and the applicable substantive case law.

7.  The Parties further stipulate and agree, for purposes of resolving Plaintiff's claim of attorneys' fees and costs only, that Plaintiff will be deemed a prevailing party.

**PLAINTIFF TO REMAIN ON WORKERS' COMPENSATION**

8.  The Parties agree that this Agreement will have no effect on Plaintiff's entitlement to remain on workers' compensation under the Federal Workers Compensation Act, 5 U.S.C. § 8101 et seq. Her status under workers compensation will be governed by the rules and regulations of the Federal Workers Compensation Act.

**MONETARY PAYMENT**

9.  The United States agrees that they will cause to be delivered to Plaintiff a check in the amount of $46,618 ("Forty Six Thousand Six Hundred Eighteen Dollars") made payable to "Jeanette Mellerson" in full, final, and complete settlement of Plaintiff's claim, except for attorneys' fees and costs which will be resolved separately as set forth in Paragraphs 6-7. The United States will cause said check to be delivered to Plaintiff, via registered mail, at 307 Kingston Road, Baltimore, MD 21229.

**NO FAULT AGREEMENT**

10. Plaintiff will be deemed to be a "prevailing party" only for purposes of resolving her claim for attorneys' fees and costs. Plaintiff understands and agrees that no money, other than the payment referenced in Paragraph 9, will be paid to her or her counsel for any reason, as a result of this Agreement, except for an award by the Court, if any, in compensation of Plaintiff's claim for attorneys' fees and costs.

11. This is a "no-fault" settlement, which neither confirms nor denies Plaintiff's allegations and charges; it does not constitute an admission of discrimination or violation of any law by the United States, nor does it constitute an admission that Plaintiff's allegations are without merit. As such, this Agreement is not intended and will not be construed to constitute an admission or statement by the Parties or Signatories as to the validity or invalidity of any legal position or factual contention advanced in the Complaint, or the substantive merits of the Complaint.

12. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**ENTIRE AGREEMENT**

13. The Parties agree that the terms of this Agreement constitute the entire Agreement between the Parties and there are no other representations or obligations, except for those enumerated above.

14. This Agreement may only be amended by a writing executed by all of the Parties.

## CHOICE OF LAW

15.     This Agreement is made and entered into in the State of Maryland, and shall in all respects be interpreted, enforced and governed under federal law. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

## EFFECTIVE DATE

16.     This Agreement becomes effective immediately upon the execution by both parties.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

Executed at _____, this _____ day of _____, 2003.


Signature, Plaintiff
JEANETTE MELLERSON


Executed at Baltimore, MD, this 17th day of October, 2003.

THOMAS M. DIBIAGIO
United States Attorney

By: _____
Nadira Clarke
Assistant United States Attorney

5

### CHOICE OF LAW

15. This Agreement is made and entered into in the State of Maryland, and shall in all respects be interpreted, enforced and governed under federal law. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

### EFFECTIVE DATE

16. This Agreement becomes effective immediately upon the execution by both parties.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

Executed at __3:00 PM__, this __16th__ day of __October__, 2003.

_Jeanette Mellerson_
Signature, Plaintiff
JEANETTE MELLERSON

Executed at _____, this ____ day of _____, 2003.

THOMAS M. DIBIAGIO
United States Attorney

By: _____
Nadira Clarke
Assistant United States Attorney