# Piper Rudnick

6225 Smith Avenue
Baltimore, Maryland 21209-3600
main 410.580.3000  fax 410.580.3001

DAVID W. STAMPER
david.stamper@piperrudnick.com
direct 410.580.4299  fax 410.580.3001

August 12, 2003

**VIA OVERNIGHT MAIL**

**FOR SETTLEMENT PURPOSES ONLY**

The Honorable Magistrate Judge Paul W. Grimm
United States District Court
   for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland  21201

      Re:   *Mellerson v. SSA*; Civil No. L-01-2090

Dear Judge Grimm:

      In anticipation of the upcoming telephone conference scheduled for August 15, 2003, we felt it would be helpful to apprise the Court and SSA, by letter, of Ms. Mellerson's settlement position. She remains interested in reaching a settlement of this dispute on reasonable terms that would fairly compensate her for her emotional suffering, back pay and past and future lost benefits.

      To recap, SSA has stipulated that for purposes of mediation, liability will be presumed and Ms. Mellerson considered a prevailing party entitled to damages.  SSA's most recent settlement offer was $30,000 to compensate Ms. Mellerson for back pay and emotional suffering. In addition, SSA agreed to add some dollar amount to compensate Ms. Mellerson for the difference in her past and future retirement benefits based on the present value equivalent of $87 per month.[1]  In the interim, however, SSA has indicated reluctance to compensate Ms. Mellerson

---

[1] Using IRS interest rates for the period of April 2001 through March 2003, and the interest rate, inflation rate and mortality rate enclosed with our June 20 letter to Ms. Clarke, we have calculated the present value of SSA's proposed $87 monthly payment to be $16,617.61.  Of that $16,617.61, $2,222.43 represents payments from April 2001 through March 2003, with interest, and $14,395.18 represents the present value life annuity of an $87 monthly payment for the expected duration of Ms. Mellerson's life as of Ms. Mellerson's sixtieth birthday, March 26, 2003.

**Piper Rudnick**

The Honorable Magistrate Judge Paul W. Grimm
August 12, 2003
Page 2

fully for future lost benefits unless Ms. Mellerson will agree to forego her right to continue receiving workers' compensation benefits, and instead transition to disability retirement.

The parties are not very far apart on the matter of back pay, despite some disagreement as to SSA's continuing classification of Ms. Mellerson as a GS grade 7, step 5. Ms. Mellerson is not, however, comfortable with inclusion in the terms of settlement the condition that she waive her right to receive the workers' compensation benefits to which she is entitled. Although SSA would prefer that Ms. Mellerson transition to disability retirement, Ms. Mellerson's retirement status is beyond the scope of her discrimination claim, and SSA's demand interposes an unreasonable obstacle to reaching a final settlement figure. Moreover, SSA's position overlooks the fact that unless this matter is resolved, Ms. Mellerson will continue to incur damages in the form of lost benefits, whether she is receiving workers' compensation or disability retirement benefits. In fact, Ms. Mellerson's damages attributable to lost benefits have been, and will continue to be, substantially greater than $87 per month so long as she continues to receive workers' compensation.

Despite this dispute over future benefits and some divergence in the parties' positions with respect to compensation for back pay, we continue to believe that a settlement, on reasonable terms, can be achieved. Ms. Mellerson has authorized us to advise this Court that she believes a settlement in the amount of $55,000 represents a reasonable sum to compensate her for her economic and non-economic damages, exclusive of attorneys' fees and expenses. While much less than what Ms. Mellerson believes she could recover were this case tried before a jury, this figure represents a reasonable sum for past and future economic loss as well as the emotional pain and suffering that she has experienced.

Ms. Mellerson awaits SSA's good faith response to her revised demand and looks forward to the upcoming conference call with the Court on August 15, 2003 at 3:30 p.m. For ease of reference, a copy of the attached letter summarizing the call-in information is attached.

Thank you for your attention to this matter.

Sincerely,

David W. Stamper

/dws
Enclosure

cc:   Nadira Clarke, Esquire
      Jeanette Mellerson

2