# Piper Rudnick

6225 Smith Avenue
Baltimore, Maryland 21209-3600
main 410.580.3000 fax 410.580.3001

JONATHAN S. NASH
jonathan.nash@piperrudnick.com
direct 410.580.4224

August 28, 2002

**OVERNIGHT MAIL**

Nadira Clarke, Esquire
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

    Re:    *Jeanette Mellerson v. Joanne Barnhardt*
            Civil Action No. L-01-2090

Dear Ms. Clarke:

    In compliance with Judge Legg's August 8, 2002 Order ("Judge Legg's Order"), Plaintiff, Jeanette Mellerson, makes the following disclosures.

    These disclosures are based on information currently reasonably available to her, and Ms. Mellerson reserves the right to supplement these disclosures if she becomes aware through further investigation and discovery of additional documents or witnesses whom she believes may support her claims. Ms. Mellerson specifically reserves the right to rely on and offer as evidence at trial additional documents or testimony from additional witnesses whose relevance becomes known to Ms. Mellerson through further investigation and discovery. Moreover, the documents being produced by Ms. Mellerson are being produced subject to the right to object to their admissibility at trial (or for use in any dispositive motion), including the right to object to any information contained in, or derived from, these documents,

**I.**    **All Documents That Relate To Or Support Ms. Mellerson's Claims.**

    *See* attached bates-numbered documents P10001 through P10685.

    Other documents that may also relate to or support Ms. Mellerson's claims include all documents that were attached to Defendant's Memorandum in Support of Motion to Dismiss or for Summary Judgment, all documents contained in the administrative file that was received from AUSA Ariana Wright Arnold with her June 27, 2002 letter, all documents that Defendant

**Piper Rudnick**

Nadira Clarke, Esquire
August 28, 2002
Page 2

produces in response to Judge Legg's Order, and all documents that Defendant or nonparties to this litigation produce in the course of discovery or for use at trial.

**II.    All Persons Who Will Support Any of Ms. Mellerson's Claims.**

In addition to herself, the persons identified below are individuals whom Ms. Mellerson currently believes may support her claims:

| List A | List B |
| --- | --- |
| Brenda Al Mateen | Lewis Bigelow |
| Mary Burton | Harold Brittingham |
| Mary Carroll | Doris Coates |
| Willie Cofield | John Flamini |
| Gary Ellis | Brian Makoff |
| Keith Ford | Robert Marder |
| Veronica Ford | Howard Saks |
| Barbara Harris | Gwen Smith |
| Patty Jones | |
| Ronald King | |
| Bernard Lee | |
| Valerie Mellerson | |
| Vondaleer Manuel | |
| Valerie Myers | |
| Carolyn Payne | |
| Gregory Reed | |
| David Rose | |
| John Taylor | |
| Fu Weems | |
| Michael Young | |

**Piper Rudnick**

We are also in the process of determining whether Ms. Mellerson will rely on expert witnesses to support her claims. To the extent that we engage an expert(s) to support Ms. Mellerson's claims, we will make the appropriate disclosures at the appropriate time.

Please note that other individuals mentioned in the documents being produced by Ms. Mellerson in section I above may also have information that Ms. Mellerson may use to support her claims, and the above list of individuals should not be construed as comprehensive. Moreover, since Ms. Mellerson's investigation into her claims is still continuing, Ms. Mellerson may discover that other individuals that will become responsive. The names of any such individuals will be provided through supplemental disclosures.

### III. Identification Of Any Relevant Health Care Providers And Production Medical Records.

Medical records in the possession of Ms. Mellerson that relate to her leg cramp condition have been produced in section I above. Health care providers that may have information related to this condition are as follows:

Dr. Jeremy Altman
Magnetic Imaging of Baltimore
6715 Charles Street
Baltimore, Maryland 21204

Dr. Ashish Chakravarthy
Greater Baltimore Medical Center
6701 North Charles Street
Baltimore, Maryland 21204

Dr. David W. Fouts
Department of Health and Human Services
Social Security Administration

Dr. Bipin Turakhia
1009 Frederick Road
Baltimore, MD  21228

Ms. Mellerson is alleging ordinary pain and suffering, such as anger, frustration, anxiety, humiliation, embarrassment and upset as a consequence of SSA's wrongful actions against her. Ms. Mellerson does not intend to call treating physicians, expert witnesses or submit medical or mental health records with respect to her claim for ordinary pain and suffering and therefore objects to providing information or discovery related to any mental health counseling or treatment that she may have received.

**Piper Rudnick**

Nadira Clarke, Esquire
August 28, 2002
Page 4

Also enclosed herewith is a release of medical records signed by Ms. Mellerson to assist you in obtaining medical records related to her leg cramp condition. *This medical records release should not be used to obtain medical records related to medical treatment other than for her leg cramp condition.* To the extent that you do obtain any medical records regarding Ms. Mellerson, please provide us with a copy.

**IV.   Other Discovery Issues.**

Under Judge Legg's Order, Plaintiff cannot depose any person until you have completed the depositions of Ms. Mellerson and her witnesses, which must be completed by October 28, 2002. We would greatly appreciate anything that you can do to complete Defendant's depositions as far in advance of the October 28th deadline as possible so that we will have sufficient time to complete our depositions and discovery prior to the discovery and summary judgment opposition deadlines. In light of this request, Ms. Mellerson is available to be deposed most days in September and October. Please provide us with a list of days that you are available to depose her so that we can arrange a mutually agreeable date.

Regarding the depositions we plan to take, enclosed please find deposition notices for every individual listed under "List B" in section II above. Given that these individuals work for the Social Security Administration ("SSA" or "the Agency"), we are serving their deposition notices upon you as the attorney for the SSA. If you are unable or unwilling to accept service of these deposition notices on behalf of these individuals, please notify us immediately so that we can arrange to serve them personally. Please also provide their respective office locations to assist us with such service.

As you will see from these deposition notices, we noted the depositions for the week of November 4, 2002. We would be happy to work with you to arrange mutually agreeable times for these depositions, particularly if the depositions can be arranged at an earlier time. With the exception of a Rule 30(b)(6) deposition -- which notice you should receive in the near future setting the date for November 1, 2002 -- our only request is that we be able to depose Harold Brittingham prior to any of the other witness. Again, we would prefer to take the Rule 30(b)(6) deposition prior to Mr. Brittingham's deposition.

As part of our case investigation, we intend to interview many, if not all, of the individuals under "List A" in section II and would like your consent to do so. Given that many of these individuals are current employees of the SSA, we are providing you with a list of their names to comply with the "inquiry" requirement of Rule 4.2 of the Maryland Rules of Professional Conduct. As explained in our letter of June 13, 2002, under Rule 4.2, we may communicate with current SSA employees unless (1) the employee is an officer, director, or managing agent; (2) the employee supervises, directs, or regularly communicates with SSA lawyers concerning this matter; or (3) the employee's acts or omission in this matter could bind the SSA for civil or criminal liability.

BALT2:677131.v1  8/28/02
125-550

**Piper Rudnick**

Nadira Clarke, Esquire
August 28, 2002
Page 5

Our understanding is that none of these individuals in "List A" fall within these three provisions given that they are lower level employees that had no involvement with the decisionmaking process at issue. In fact, most of the witnesses are either individuals that were on the Best Qualified list with Ms. Mellerson, or individuals that have been adverse to the SSA either through the filing of a charge of discrimination or as a member of the recent class action brought by African-American males against the Agency.

However, if you believe that any of the witnesses in "List A" falls within the above three provisions, please so advise, with an explanation as to why you contend that our communication with that witness is improper. If we do not receive a response from you within 14 days of the date of this letter, or by September 11th, we will assume that none of the individuals listed falls within any of the above exceptions and will proceed to interview such individuals. If you believe there are other prohibitions on our interviewing any of these individuals, please notify us *immediately* so that we can take appropriate steps to resolve the issue and move forward with our case investigation.

Thank you for your attention to these matters. If you have any questions, please do not hesitate to call.

Sincerely yours,

Jonathan S. Nash

/jsn

cc:   Marilyn Hardin (w/out encl.)