

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

| | | |
|---|---|---|
| *Thomas M. DiBiagio*<br>*United States Attorney*<br><br>*Nadira Clarke*<br>*Assistant United States Attorney* | *6625 United States Courthouse*<br>*101 West Lombard Street*<br>*Baltimore, Maryland 21201-2692* | *410-209-4800*<br>*TTY/TDD:410-962-4462*<br>*410-209-4857*<br>*FAX 410-962-2310*<br>*Nadira.Clarke@usdoj.gov* |

September 11, 2002

Jonathan S. Nash
Piper Rudnick
6525 Smith Avenue
Baltimore, Maryland 21209-3600

    Re:   <u>Jeanette Mellerson v. Joanne Barnhardt</u>,
            Civ. Action No. L-01-2090

Dear Mr. Nash:

    On August 8, 2002, the Court issued an order requiring that the government produce (1) copies of plaintiff's personnel file, including all performance evaluations; (2) the personnel file of the male candidate who was selected over plaintiff; and (3) all documents that relate to the defendant's alleged non-discriminatory reason for not selecting the plaintiff. A bate-stamped copy of all responsive documents is enclosed. Note that certain identified documents (bate-stamp nos. 204-437) are produced pursuant to the Court's February 27, 2002 Protective Order and should be handled accordingly.

    Also, please note that certain documents which presumably would have been responsive to the Court's Order, specifically, the "Promotion File" normally retained by the Personnel Office of the Social Security Administration ("SSA"), are no longer in existence. The entire file was apparently disposed of in error. Out of an abundance of caution I have requested that SSA perform another search for the promotion file. If it is located I will advise you immediately.

    The documents provided herein in no way constitute an admission as to their admissibility. The government reserves the right to dispute admissibility where appropriate.

    Your letter, dated August 28, 2002, raises a number of issues related to the on-going discovery process. Several items require an immediate response. First, in response to the Court's order that you produce "all documents that relate to or support [plaintiff's] claims of discrimination (liability or damages)," you indicated that you will not produce any information related to

RECEIVED SEP 1 3 2002

*COPY- IN COARGSI;*
*cc: DWS, AAK, TGT*

mental health counseling or treatment that she may have received. Your own letter states that "Ms. Mellerson is alleging ordinary pain and suffering, such as anger, frustration, anxiety, humiliation, embarrassment and upset [sic]." Records or evidence of Ms. Mellerson's mental health counseling and/or treatment is plainly relevant and responsive. Please produce such documents or information immediately.

Your request that plaintiff's authorization for release of medical records be limited to information related to her leg cramp condition is similarly unfounded. Please provide a complete authorization that complies with the Court's order.

With respect to witness depositions, you request that the government complete its depositions as far in advance of October 28, 2002 as possible. We will make every effort to accommodate your request, and I will note that prompt and complete production of _all_ documents referenced by the Court's August 8, 2002 will assist in that process.

I am in receipt of plaintiff's deposition notices and will take steps immediately to determine mutually convenient dates. I am advised that Robert Marder and Brian Makoff are no longer with SSA. I have requested their last known address and will provide it to you when it becomes available. There are several individuals at SSA with the name Gwen Smith, please provide additional identifying information so that we can locate the proper person.

Finally, I am not in a position to agree to any informal discovery such as interviews of the individuals contained in you "List A." Your assertion that you are entitled to contact current SSA employees directly is misguided under a number of different theories, including SSA's applicable Touhey regulations. Please direct all communications to SSA through me.

Please do not hesitate to contact me if you require anything further. Thank you.

                          Very truly yours,

                          Thomas M. DiBiagio
                          United States Attorney

By: _____
    Nadira Clarke
    Assistant United States Attorney

cc: Carolyn Weiss (Washington Lawyer's Committee)