# Piper Rudnick

6225 Smith Avenue
Baltimore, Maryland 21209-3600
*main* 410.580.3000 *fax* 410.580.3001

JONATHAN S. NASH
jonathan.nash@piperrudnick.com
*direct* 410.580.4224

September 20, 2002

**VIA FIRST CLASS AND OVERNIGHT MAIL**

Nadira Clarke, Esquire
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

    Re:    **Jeanette Mellerson v. Joanne Barnhardt**
              **Civil Action No. L-01-2090**

Dear Ms. Clarke:

    Enclosed please find the following discovery-related documents:

- Plaintiff's First Set of Interrogatories;

- Plaintiff's First Request for Production of Documents; and

- Notice of Rule 30(b)(6) Deposition.

    I acknowledge and disagree with your continued objections to our interviewing the SSA employees identified in List A of my August 28, 2002 letter. It was our preference to interview these individuals informally to minimize expense and inconvenience. The interviews could be conducted at times and places convenient for the witnesses (in some cases, even by telephone). The interviews would likely be significantly shorter than formal deposition. Furthermore, the witnesses would likely be more comfortable with an informal interview rather than a formal deposition.[1] Given your position, however, we will avoid burdening the Court with this dispute

---

[1]    We disagree with your contention in your letter of September 11th that we are not permitted to contact these current SSA employees "under a number of different theories, including SSA's applicable Touhey [sic] regulations." With respect to the SSA's Touhy regulations, those regulations do not apply to any civil proceedings where the "Department of Health and Human Services, and any agency thereof, or any

*(Footnote continued to next page)*

**Piper Rudnick**

Nadira Clarke, Esquire
September 20, 2002
Page 2

and herewith enclose deposition notices for the following current employees of the Social Security Administration ("SSA"): Mary Carroll, Willie Cofield, Gary Ellis, Keith Ford, Veronica Ford, Ronald King, Bernard Lee, Vondaleer Manuel, Carolyn Payne, and Gregory Reed. To the extent any of these individuals are no longer SSA employees, please immediately forward us their last known addresses.

Please be aware that after this initial round of depositions, we may need to depose other individuals identified in "List A." This will have to be done on an expedited schedule given the limited amount of time our client has for discovery under the Court's Scheduling Order. Moreover, I assume that you will not object to any of depositions we have noticed on the grounds that we have exceeded the number of depositions permitted by the Federal Rules of Civil Procedure and/or the local rules of this Court. If that is not the case, please notify me immediately so that I can raise this issue with the Court.

In your September 11th letter, you indicated that Robert Marder and Brian Makoff are no longer employed by the SSA, and that you will be providing us with their last-known addresses. We look forward to receiving those addresses in the near future so that we can notice their depositions for the dates we have already provided to you.

You have requested additional identifying information for Gwen Smith because there are a number of individuals at the SSA with the same name. To assist you with locating the proper Gwen Smith, enclosed please find the BQ List which was signed by the Gwen Smith.

We were troubled to learn that the "'Promotion File' normally retained by the Personnel Office of the Social Security Administration . . . are [sic] no longer in existence [and] the entire file was apparently disposed of in error." As I am sure you are aware, upon notice of a charge of discrimination, an employer has an obligation to retain all records that have any bearing on the dispute until the dispute is resolved. Thus, we are distressed to learn that this "Promotion File" was "disposed of in error." It is our hope that this file will be found and provided to us in sufficient time to prepare for the upcoming depositions. To the extent that this file is not found, please address this issue in your formal responses to our discovery requests and provide me at once with the name[s] of the custodian[s] of this file and/or person[s] responsible for its retention and disposal so I can determine whether it will be necessary to take their depositions.

---

*(Footnote continued from previous page)*
    other Federal agency is a party." 45 C.F.R. § 2.2(d). Moreover, as stated in our letter of August 28th, other than Maryland Rule of Professional Conduct 4.2, with which we have complied, we are aware of no other prohibitions that would prevent us from interviewing these current employees during the course of this litigation.

BALT2:682203.v1
125-550

**Piper Rudnick**

Nadira Clarke, Esquire
September 20, 2002
Page 3

    In the very near future, we intend to file a Motion for Privacy Act Order similar to the one filed by Defendant on February 7, 2002, to seek disclosure of information protected by the Privacy Act of 1974 that is not subject to Judge Legg's Privacy Act Order filed February 21, 2002. We anticipate that our request will be granted given that the standard for discovery of records protected under the Privacy Act is a test of relevance pursuant to Federal Rule of Civil Procedure 26(b)(1). *See Laxalt v. McClatchy*, 809 F.2d 885, 888-890 (D.C. Cir. 1987); *Weahkee v. Norton*, 621 F.2d 1080 (10th Cir. 1980). We anticipate that this Motion will be granted before your discovery responses are do to us, so there is no reason for you to delay the process of gathering the appropriate information to respond to our requests.

    Thank you for your attention to these matters. If you have any questions, please do not hesitate to call.

                                          Sincerely yours,

                                          Jonathan S. Nash

JSN/cjj

enclosures

BALT2:682203.v1
125-550