# WASHINGTON LAWYERS' COMMITTEE
# FOR CIVIL RIGHTS & URBAN AFFAIRS

November 20, 2002

Via Facsimile and First Class Mail

Nadira Clarke, Esquire
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692

**RECEIVED** DEC 4 - 2002

> Re: Mellerson v. Barnhardt, Civil No. L-01-2090

Dear Nadira,

We received your November 14, 2002 letter and appreciate your willingness to discuss the resolution of "specific, discrete" discovery issues that have the greatest potential to facilitate settlement. In an attempt to narrow further our requests for the purpose of facilitating settlement of this matter at the upcoming mediation conference, we have decided to focus on Document Request No. 11, which seeks documents relating to prior complaints of discrimination or retaliation that have been made against Harold Brittingham. As indicated in our November 8, 2002 letter, however, we are currently willing to modify that request so as to encompass only those documents regarding or relating to grievances or complaints, formal or informal, administrative or judicial, that allege race, age or disability discrimination by Brittingham.

Although we imagine it would be less burdensome to produce the documents than for someone to read all of the documents and write up the information in them, it would alternatively be helpful to receive the defendant's response to Interrogatory No. 4, which also seeks information about complaints of discrimination lodged against Harold Brittingham. As we indicated in our November 8, 2002 letter, at the present time we are willing to limit the request to information falling within subsections a, d, e, g, and h of Interrogatory No. 4. As indicated previously, it is our position that the above information is discoverable because evidence of a pattern of discriminatory decisions by the decision-maker at issue is relevant to prove motive or intent.

Again, we are drastically limiting our discovery requests in a good faith effort to maximize the potential for an early settlement of this case. Nothing in this letter or in any of our previous compromise letters on discovery issues should, however, be considered as

a waiver our client's right to compel responses to all of her discovery requests should our efforts at settlement fail. We look forward to your response.

Sincerely,

Carolyn Weiss

Jonathan Nash