# WASHINGTON LAWYERS' COMMITTEE
## FOR CIVIL RIGHTS & URBAN AFFAIRS

**FOR SETTLEMENT PURPOSES ONLY**

July 9, 2003

**VIA FACSIMILE AND REGULAR MAIL**

The Honorable Magistrate Judge Paul W. Grimm
United States District Court
　for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

　　　　Re:　*Mellerson v. SSA*, CA No. L-01-2090

Dear Judge Grimm:

　　　We have received SSA's July 1, 2003 letter updating the Court as to its current position in the settlement negotiations. We write to update the Court as to Ms. Mellerson's position and to invite the Court's intervention in bridging some of the remaining areas of disagreement.

　　　To recap, SSA offered $30,000 to compensate Ms. Mellerson for (a) back pay through March 2001, and (b) emotional suffering. In addition, SSA agreed to add some dollar amount to compensate Ms. Mellerson for the differential of her past and future retirement benefits based on a present dollar value of approximately $87 per month. On June 20, 2003, we provided Ms. Clarke with the variables needed to perform a present value calculation, but we have not heard back from SSA with a proposed figure. Nor has SSA provided any rationale supporting its continuing classification of Ms. Mellerson as a GS grade 7, step 5 when SSA promoted Howard Saks in 1994 to a GS grade 7, step 7.

　　　In her letter, Ms. Clarke states that she recently learned that Ms. Mellerson had not elected disability retirement and currently is receiving worker's compensation benefits.[1] She suggests that her client would not be willing to consider compensating Ms. Mellerson for future lost benefits unless Ms. Mellerson agrees to transition from worker's compensation (which provides her with a significantly higher monthly income and other benefits) to retirement disability. This demand raises issues beyond the scope of Ms. Mellerson's discrimination claim and serves only to interpose an additional barrier to

---

[1] Ms. Mellerson testified that she was receiving worker's compensation at her deposition in October 2002. Moreover, as her employer, SSA presumably has been aware of her employment status throughout these discussions. Finally, we mentioned that Ms. Mellerson was receiving worker's compensation several times during the in-person mediation sessions and subsequent telephone conference.

11 DUPONT CIRCLE, NW • SUITE 400 • WASHINGTON, D.C. 20036
(202) 319-1000 (VOICE) • (202) 319-1010 (FAX) • (202) 319-1075 (TDD)
www.washlaw.org • wlc@washlaw.org

efforts to reach a final settlement figure. One of Ms. Mellerson's objectives throughout this mediation has been to achieve compensation for lost income – past, present and future – irrespective of whether her income would be generated by salary, worker's compensation or retirement.

Ms. Mellerson still is interested in pursuing the terms discussed at the last mediation session, in which SSA committed to paying the functional equivalent of a retroactive promotion by compensating Ms. Mellerson for the benefits she would have received had she been promoted. Higher worker's compensation benefits, like higher disability retirement benefits, would have been the result of a promotion in 1994, and Ms. Mellerson would not object if SSA prefers to base a settlement proposal on her worker's compensation benefit rather than her disability retirement benefit. Thus, Ms. Mellerson asks that SSA propose a dollar figure that factors in a reasonable sum for past and future loss of benefits, as previously agreed. If your Honor thinks it would be helpful to address this issue in mediation, Ms. Mellerson would welcome the Court's intervention and would make herself available for an in-person or phone conference.

Thank you again for your time and effort in attempting to resolve this matter.

Sincerely,

*Carolyn P. Weiss*

Susan E. Huhta
Carolyn P. Weiss
WASHINGTON
LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND
URBAN AFFAIRS

Tracey Turner
David Stamper
Amy Beth Leasure
PIPER RUDNICK

*Attorneys for Plaintiff*

cc: Nadira Clarke, Esquire
Tracey Turner, Esquire
Jeanette Mellerson