IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONICA L. WOODARD and        *
JENNIFER SPEARMAN
                             *
         v                              CIVIL NO. B-00-1050
                             *
THE CACTUS GRILL
OF ASPEN HILL, INC.

            *      oOo      *       *       *

MEMORANDUM

Pending before the Court is Plaintiffs' Petition for Award of Attorneys' Fees and Costs (Paper 86   In the underlying litigation, on June 17, 2002, after a five-day trial, a jury found that Cactus Grill violated 42 U.S.C. § 1981, when one of its waiters added a 15% gratuity to the plaintiffs' check on the basis of their race   The jury awarded the plaintiffs a total of $37,500 in damages   On August 27 and 28, 2002, the Court held a hearing on plaintiffs' motion to pierce the corporate veil of the Cactus Grill and to hold the sole shareholders, Theodore Margas and Thomas Zambetis, personally responsible for the $37,500 verdict against the Cactus Grill, for all of the attorneys' fees and costs, costs associated with the implementation of injunctive and declaratory relief requested by the plaintiffs, and any sanctions awarded by the Court.  The court denied the motion on September 17, 2002, entering a final order of

udgment affording the plaintiffs both declaratory and injunctive relief against the Cactus Grill and awarding each the plaintiffs judgment in the amount of $18,750, consisting of $3,750 in compensatory damages and $15,000 in punitive damages

In the pending motion, plaintiffs seek compensatory fees for their counsel in the amount of $263,822 and $36,681 in costs. The petition reflects that the total lodestar amount, which represents all of the time spent by lawyers, paralegals interns by plaintiffs' counsel, Relman and Associates, amounted to $534,520, as well as total costs of $57,704 Plaintiffs' counsel has exercised careful and extensive billing judgment to eliminate any time and costs that should be compensated and have segregated time spent on issues on which they did not prevail, such as the unsuccessful attempt to pierce the corporate veil. Plaintiffs' counsel has also limited its request for fees for only one attorney and paralegal at a time over the course of the litigation, except during and after trial for which plaintiffs' counsel requests for both Elizabeth S Westfall and Christy E. Lopez Plaintiffs' counsel also do not seek recovery of any fees for time spent by legal interns. The records of the law firm reflect that a total of five attorneys, seven paralegals, and

eleven legal interns rendered service in this litigation, but in the exercise of its billing judgment, plaintiffs' counsel seeks recovery for the services of only three attorneys and three paralegals.

Plaintiffs' counsel made other adjustments in its computation for the purposes of this petition. No recovery is sought for the time expended in preparation of the fee petition involving $18,387. In addition, a reduction of $11,500 was made to reflect that plaintiffs' counsel had received that amount in settlement of a sanctions motion. Finally, plaintiffs' counsel applied a 15% across-the-board reduction of the fee total in the amount of $46,557.

In response to the petition, the defendants' have asserted the following grounds for reduction of the amount of recovery sought by plaintiffs' counsel:

    1.    The attorneys fees are unreasonable.
    2.    The attorneys fees bear no relationship to the work performed.

    3.    The attorneys fees claimed in part are for work on an issue that the Plaintiffs did not prevail.

    4.    The attorneys fees claimed are an outrage and should not be sanctioned or permitted by the Court.

In determining the reasonable attorneys fees, the Court begins with ascertaining the "lodestar" figure. In <u>Hensley v.</u>

Eckerhart, 461 U.S 424 (1983), the Supreme Court found the most useful starting point for determining the amount of a reasonable fee is the amount of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The product of the reasonable hourly rate times the hours reasonably expended is the lodestar figure. The extent of the plaintiff's success in the litigation is the most critical factor in calculating a reasonable fee award. Id. at 440. The Court must also consider the 12 factors originally stated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir  1974) and adopted by the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir  1978)

The Court has reviewed the plaintiff's submissions, including the accompanying affidavits, time sheets, and schedules of litigation expenses  In light of the guiding principles set forth above, the Court finds that the lodestar elements have been properly ascertained by the plaintiff, and, accordingly, the hourly rates sought are reasonable and within the guidelines for this Court, Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases, Appendix B to Local Rules.

In defendants' analysis of the petition, certain specific issues are raised which merit the attention of the Court:

4

Defendants' counsel have objected to certain hours expended by paralegal Aida Garcia and attorney Elizabeth S. Westfall during the year 2000, but plaintiffs' time records do not list any such hours

Defendants' counsel allege that plaintiffs seek reimbursement for the time spent on the issues on which they did not prevail, particularly the unsuccessful attempt to pierce the corporate veil. These hours are not included in those for which plaintiffs seek compensation but are reflected in the more than $200,000 in fees which have been eliminated by plaintiffs' counsel in the preparation of the petition.

Many of defendants' objections result from a comparison of the time expended by plaintiffs' counsel and the time expended by defendants' counsel in meeting the issue. The court does not find this to be a valid criterion in determining fees to which plaintiffs' counsel are entitled. It is to be expected that plaintiffs' counsel will spend substantially more time than defendants' counsel on matters where the primary responsibility rests on plaintiffs' counsel, e.g., preparation of the

       original complaint, the pretrial order, proposed voir dire and proposed jury instructions. In addition, it should be noted that plaintiffs prevailed on almost all of the issues in this litigation; perhaps if defendants' counsel had given the same attention to the issues involved, the result may have been different.

(d) Defendants' counsel alleges that plaintiffs' counsel has sought fees for services related to plaintiffs' first motion for sanctions constituting a duplication of the services for which plaintiffs' were paid $11,500 in settlement of the motion. Moreover, plaintiffs' computation for the purposes of this petition reflect that the recovery of $11,500 has been deducted from the amount sought, so defendants' position on that on that point is without merit

(e) Defendants' counsel assert that the attendance of paralegal Aida Garcia throughout the trial served no purpose other than to afford her the opportunity to watch an entire trial. The Court, however, finds it reasonable for plaintiffs' counsel to utilize the services of a paralegal during a lengthy trial, both

6

   in the marshaling of the evidence to be presented as well as the out-of-court scheduling of witnesses and other evidence.

(f Many other objections by defendants' counsel to the number of hours spent on certain professional tasks, even if of any validity, are more than covered by the 15% across the board reduction of $46,557 in the total fee.

 Many of the other objections of defendants' counsel are petty and trivial and the Court finds that they have no merit The Court finds that all hours spent on behalf of the plaintiffs' as to which recovery is sought in this petition are reasonable and should be allowed. Plaintiffs' counsel performed outstanding professional services in this litigation. In light of the vigorous defense presented, these professional services were necessary and without a maximum effort on the part of plaintiffs' counsel, plaintiffs may well not have prevailed

 Accordingly, for all of the foregoing reasons, the Court will grant plaintiffs' petition for an award of attorneys' fees and costs in the total amount of $300,503 consisting of $263,822 in attorneys fees and $36,681 in costs. A formal order will be entered in conformity with this Memorandum

<u>June 12, 2003</u>                             <u>            /S/            </u>
                                    Walter E. Black, Jr.
                                    Senior Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONICA L. WOODARD and
JENNIFER SPEARMAN                    *

      v                                    CIVIL NO. B-00-1050
                                                   *
THE CACTUS GRILL
OF ASPEN HILL, INC.

                          oOo                    *

O R D E R

In accordance with the Memorandum filed today in the above-captioned case, IT IS, this 12th day of June, 2003, by the United States District Court for the District of Maryland,

ORDERED:

    (1 That Plaintiffs' Petition for Award of Attorneys' Fees and Costs (Paper 86)IS GRANTED; and

    (2) That defendant The Cactus Grill of Aspen Hill, Inc. shall pay to plaintiffs' counsel, Relman and Associates, an award of attorneys fees and costs in the amount of $300,503

                                                /s/
                                      Walter E. Black, Jr
                                      Senior Judge



MICROFILMED
JUN 12 2003