IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEANETTE MELLERSON,

　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　Civil Action No.: L-01-2090

JOANNE B. BARNHART,

　　　　　　Commissioner
　　　　　　Social Security Administration

　　　　　　Defendant.

## DECLARATION OF STEPHEN B. LEBAU

I, Stephen B. Lebau, submit this declaration in support of the Motion for Attorneys' Fees and Expenses filed by Plaintiff Jeanette Mellerson, and state as follows:

1.　　　I am a member of the bar of this Court and a member of the Maryland and Illinois bars. I am also admitted to practice before the United States District Court for the District of Maryland. I am a 1985 graduate of Georgetown University School of Law, and received my undergraduate degree from George Washington University in 1982. I have been a practicing lawyer for 18 years. I am a founding partner of the law firm of Lebau & Neuworth, LLC, 606 Baltimore Avenue, Suite 201, Baltimore, Maryland 21204.

2.　　　My practice centers on labor and employment law and civil rights litigation. I have extensive experience in the field, having represented numerous clients in employment and civil-rights disputes.

1

3.      I have written and lectured extensively on employment and civil rights litigation, for MICPEL, the American Bar Association, Lorman Education Services, Inc., The Council on Management, and the Maryland State Bar Association.  I have participated in speaking panels with Commissioners from the U.S. Equal Employment Opportunity Commission.

4.      As a result of my experience in employment and civil rights litigation and trial work, and my personal knowledge of the standards of legal practice in the Baltimore-Washington area, I am very familiar with the customary fees for such work in the Baltimore-Washington community.

5.      I have reviewed the Petition for Attorney's Fees and Expenses submitted by Ms. Mellerson.  I also have reviewed the Declaration of Tracey Gann Turner, which describes the work performed by attorneys at Piper Rudnick over the course of the litigation, and the exhibits to that declaration setting forth the hourly rates, fees and expenses charged by Piper Rudnick for which reimbursement is sought, and the fees and expenses accrued and incurred by Piper Rudnick for which no claim for compensation is being made.

6.      It is my opinion that the hourly rates and amount of time charged by Piper Rudnick timekeepers for which compensation is sought, and the expenses incurred in pursing this case were more than reasonable for attorneys of their experience in employment and civil rights litigation in the Baltimore-Washington metropolitan area during the time in which the services were rendered.  Not only are the fees and expenses sought reasonable considering the time span over which the case was litigated, they are especially so in light of the favorable results obtained in the case, which included a settlement payment to Ms. Mellerson of $46,618.00, plus the stipulation that she is the prevailing party for purposes of a fee determination.

7.    I understand that Piper Rudnick seeks a total of $98,439.00 in fees, and $2,962.00 in expenses incurred in pursing this case.  Based on my review of the above-referenced materials submitted in support of Piper Rudnick's claim, as well as my own familiarity with the requirements of legal representation arising out of employment and civil rights litigation, it is my opinion that the fees and expenses sought are reasonable and typical of what would be expected in the prosecution of a claim of this type.

I SOLEMNLY DECLARE AND AFFIRM UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: January ___ , 2004

_____
Stephen B. Lebau

3